UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAPLEBEAR INC. DBA INSTACART,<br><br>Plaintiff,<br><br>v.<br><br>CORNERSHOP TECHNOLOGIES, INC., et al.,<br><br>Defendants. | CASE NO. C20-1849RSM<br><br>ORDER DENYING MOTION TO QUASH |

This matter comes before the Court on nonparty DataWeave, Inc.'s Motion to Quash. Dkt. #1. DataWeave, located in this District, moves to quash Plaintiff Maplebear Inc. d/b/a Instacart ("Instacart")'s Second Amended Subpoena to Testify at a Deposition in a Civil Action, associated with the case *Maplebear Inc. dba Instacart v. Cornershop Technologies, Inc., et al.* (the "Texas Suit"),[1] and moves for sanctions under Rule 45.

Instacart alleges in the Texas Suit that Cornershop Technologies, Inc., accessed Instacart's platform in violation of its Terms of Service and copied, without authorization, "thousands of copyrighted and licensed images, along with product descriptions, pricing data, and other information." Dkt. #3-8, ¶ 2. The Complaint does not mention DataWeave by name.

DataWeave calls itself "a digital commerce analytics Software as a Service provider." Dkt. #2 ("Bethadapura Dec."), ¶ 2. Cornershop contracted with DataWeave to gather data from

---

[1] Filed in the United States District Court for the Eastern District of Texas, Case No. 2:20-cv-240-JRG.

ORDER DENYING MOTION TO QUASH – 1

Instacart's websites, including product prices, stock info, and thumbnail URLs. *Id*. at ¶ 17. Cornershop provided the Instacart accounts DataWeave used to gather the data. *Id*. at ¶ 18. DataWeave sent the info it gathered to Cornershop in comma-separated value ("CSV") files. *Id*. at ¶¶ 19-23. DataWeave maintains that it never gathered actual image files. *Id*. at ¶ 20. While DataWeave is located in this District, all services for Cornershop were performed by an affiliate in India. *Id*. at ¶ 13.

Instacart asserts claims against Cornershop under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(g) ("CFAA"), the Texas Harmful Access by a Computer Act, Tex. Penal Code § 33.02 ("THACA"), breach of contract, the Copyright Act, 17 U.S.C. § 501, the Digital Millennium Copyright Act, 17 U.S.C. §§ 1202(b)(1)-(3) ("DMCA"), common law unfair competition, and civil conspiracy. (Rhoads-Weaver Dkt. #3-8 at ¶¶ 183-277. Counts one through three allege that Cornershop violated the Instacart Terms of Service and exceeded Instacart account authorization to access and use data on Instacart's platform. *Id*. Other claims allege the unauthorized copying and use of copyrighted images. *Id*.

Instacart has struggled to get information in discovery directly from Cornershop about Dataweave's services. In a letter dated December 3, 2020, Cornershop claimed that it "does not control DataWeave's specific scraping activities, Cornershop lacks information regarding which specific accounts (if any) DataWeave actually used [to scrape Instacart]," and "Cornershop's policy during [the relevant] timeframe was not to retain DataWeave's deliverables containing data sourced from U.S. retailers after receiving and processing them." Dkt #18 at 25. Cornershop has stated that it "did not retain the .csv files received from DataWeave and "understands that DataWeave will be producing the .csv files that it delivered to Cornershop" in response to a third-party subpoena. *Id*. at 3.

ORDER DENYING MOTION TO QUASH – 2

On October 14, 2020, Instacart served its first subpoena on DataWeave seeking this kind of information. Dkt. #3-1.  After resolving issues related to the location of compliance and timing, Instacart served a second subpoena on November 10, with a compliance date of December 4. Dkt #3-5.

On November 12, 2020, DataWeave and Instacart participated in a meet and confer. Dkt. #18, ¶ 10.  The parties disagreed on the scope of the subpoena, especially the need of a 30(b)(6) witness from DataWeave.

On November 17, 2020, Instacart sent DataWeave a proposal narrowing its requests for documents and testimony.  Dkt. #18 at 30–34.  Instacart has now argued in briefing that it is only pursuing this narrowed list of topics:

- The data and information DataWeave scraped from Instacart for the benefit of Cornershop, including any editing or manipulation of that data [RFPs & Deposition Topics 1, 9]
- The full list of accounts DataWeave used to scrape Instacart and the persons who conducted the scraping of Instacart on DataWeave's behalf, including any subcontractors [RFPs & Deposition Topics 1, 3, 7]
- The IP addresses from which the scraping was conducted [RFP & Deposition Topic 5]
- DataWeave's method of scraping Instacart and the programs it used [RFP & Deposition Topic 6]
- The cessation of DataWeave's services to Cornershop, and any efforts by DataWeave to remediate Instacart's information from its systems [RFP & Deposition Topic 13]
- The total amount of compensation DataWeave received from Cornershop [RFP & Deposition Topic 11]
- DataWeave's communications with Cornershop related to scraping and Instacart [Deposition Topic 10]
- Testimony regarding the identity, location, maintenance, destruction, and storage of documents responsive to the above-referenced RFPs [Deposition Topic 17]

Dkt. #17 at 5; *see also* Dkt. #4 (Motion to Compel).  Deposition topics/RFP's not listed above have been abandoned by Instacart.

ORDER DENYING MOTION TO QUASH – 3

Federal Rule of Civil Procedure 26 sets the broad scope of permissible discovery: Unless otherwise limited by court order, the scope of discovery is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). This standard applies to third-party subpoenas. Under Rule 45(d)(3)(A), the Court must quash or modify a subpoena that requires disclosure of privileged or other protected matter or subjects a person to undue burden. The Court may limit the extent of discovery if the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). The party who moves to quash a subpoena has the burden of persuasion. *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005).

Dataweave argues that Instacart is seeking "information at a Rule 30(b)(6) deposition that is: irrelevant or otherwise outside the scope of discoverable information, already in Instacart's possession, in the possession or control of Cornershop… or that could be obtained through documentary evidence which DataWeave has offered to produce if Instacart cannot obtain such evidence from Cornershop through the ordinary course of discovery." Dkt. # 1 at 5.

Instacart responds that it has already attempted to pursue the discovery at issue from Cornershop, to no avail. Dkt. #17 at 7. The Court generally agrees with this assessment of this situation, and finds that this does not serve as a basis to limit the remaining discovery sought given the broad scope of permissible discovery under Rule 26.

ORDER DENYING MOTION TO QUASH – 4

Some of the information originally sought by Instacart was irrelevant and an undue burden, including Topics 15 and 16. However, as that information is no longer being pursued, the Court finds it need not modify the subpoena and trusts that it will not be a point of further motions practice from these parties. The remaining information sought is relevant and proportional to the needs of the litigation because the Court is convinced that DataWeave's information, solely in their possession, is critical to the underlying claims in this case. This is true whether or not DataWeave is able to demonstrate that it never "scraped" copyrighted image files. A 30(b)(6) deposition is not an undue burden given DataWeave's contractual role in the underlying events, nor has DataWeave shown that it would be duplicative given Cornershop's refusal to supply information. DataWeave has failed to demonstrate undue burden or some other basis to quash this now-modified subpoena. Sanctions against Instacart are not warranted.

Accordingly, having reviewed the Motion, along with the remainder of the record, the Court hereby finds and ORDERS that nonparty Dataweave, Inc.'s Motion to Quash, Dkt. #1, is DENIED. Having denied this Motion, the Court finds Instacart's Motion to Compel, Dkt. #4, moot and it too is DENIED. Because the Motion to Compel is moot, the Court did not need to rely on the Sealed Reply brief to that Motion, therefore the Motion to Seal, Dkt. #22, is DENIED as moot. Dkts. #25 and #26 are to remain sealed on the docket. Having resolved all issues, this case is CLOSED.

DATED this 7th day of April, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO QUASH – 5